**Christopher E. Hawk** (OSB 061635)
chawk@gordonrees.com
**GORDON & REES LLP**
121 SW Morrison St., Suite 1575
Portland, Oregon 97204
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

**Brent H. Blakely** (*Pro Hac Vice*)
bblakely@blakelylawgroup.com
Blakely Law Group
915 North Citrus Avenue
Hollywood, CA 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SISKIYOU BUCKLE CO., INC., an Oregon Corporation dba SISKIYOU GIFTS; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 3:11-cv-00486-HZ<br><br>1. **COACH'S BRIEF REGARDING ISSUES TO BE TRIED BY JURY;**<br><br>2. **AMENDED EXHIBIT LIST;**<br><br>3. **AMENDED JURY INSTRUCTIONS** |

## I. INTRODUCTION

Pursuant to the Pre-Trial conference held on May 30, 2012, Plaintiff Coach hereby submits its brief on issues to be tried before the jury, its amended exhibit list, its amended jury instructions, and slides to be used at opening.

## II. BRIEF RE ISSUES TO BE TRIED BEFORE THE JURY

Under Rule 38 of the Federal Rules of Civil Procedure, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." The Seventh Amendment guarantees a jury trial in "suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." Chauffeurs,Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990). To determine whether a jury right exists, a court should both examine how the action was treated in 18th-Century actions brought in England before the merger of the courts of law and equity and consider whether the remedy sought is "legal or equitable in nature." Id. at 565. If a legal cause of action is pled, a plaintiff's right to a trial by jury is not lost because some of the relief sought, such as an injunction, is equitable. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472-73 (1965).

"The right of a party to a trial by jury, where permitted, is sacrosanct. If there is A question as to whether trial by jury is permitted or not, it would appear that any doubt should be resolved in favor of permitting a jury trial, if timely demanded." McCann v. Falgout Boat Co., 44 F.R.D. 34, 44 (S.D. Tex. 1968). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." [Chauffeurs, Teamsters and Helpers, Local No. 91 v. Terry, 494 U.S. 558, 565 (1990)]

2

### A. Plaintiff's Dilution Claim is a Question for the Jury to Decide

There exists case law in the Fourth Circuit that holds that a plaintiff was not entitled to a jury trial where no damages were available because the district court dismissed the damage claim on summary judgment for lack of evidence of "willful intent". [Ringling Bros. –Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Development, 170 F. 3d 449, 465 (4th Cir. 1999)] The rationale behind this holding is that unlike a trademark infringement claim, in order to obtain damages for dilution there needs to be an element of willfulness. In the absence of a finding of willfulness, the remedy available for a dilution violation is injunctive relief, which is equitable. [Id.] However, as discussed above it is well established that whenever there exists a claim for damages for violation of the Federal Dilution statute, even if injunctive relief is also sought, those claims should be decided by a jury. [adidas-America, Inc. v. Payless Shoesource, Inc., 546 F.Supp.2d 1029 (D. Or 2008); Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc., 400 F.Supp.2d 1273 (D.Kan.,2005); see also Dairy Queen v. Wood, 369 U.S. 469 (1962)]

### B. Statutory Damages is a Question for the Jury to Decide

In Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998) the Supreme Court held that a plaintiff seeking statutory damages under Section 504(c) of the Copyright Act enjoys a Seventh Amendment right to a trial by jury "on all issues pertinent to an award of statutory damages . . . , including the amount itself." 523 U.S. 340, 355 (1998) (emphasis added). The Court reasoned that statutory damages are—and historically have been—legal, not equitable, remedies: "We have recognized the 'general rule' that monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment. . . . Accordingly, we must conclude that the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages." [Id. at 352-53; see also Columbia Pictures Industries, Inc. v. Krypton Broadcasting of

3

Birmingham, Inc., 259 F.3d 1186 (9th Cir. 2001)]

In reaching this conclusion, the Court rejected the contention that the plaintiff had no right to a jury trial under Section 504(c) because that statute provided that statutory damages were to be assessed in an amount "that the court considers just." [Id. at 346] The Court reasoned that even if the statutory text itself did not provide for a jury trial on the issue of damages, the right to jury trial is nevertheless present if required by the Seventh Amendment. The Court concluded that it was. Citing numerous authorities establishing that statutory damages are, and historically have been, by nature a legal, not equitable, remedy, the Court held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." [Id. at 354-56]

Multiple cases have since concluded that Feltner applies with equal force to actions for statutory damages under § 1117(c) of the Lanham Act, the statutory provision at issue here. The Eighth Circuit in Bar-Meir v. North Am. Die Casting Assoc. cited Feltner for the proposition that the plaintiff in a trademark infringement case is "entitled to have a jury determine the amount of The Lanham Act allows an award of statutory damages." 55 F. App'x 389, 390-91 (8th Cir. 2003). A district court following Bar-Meir similarly held "a jury determination is required on the amount of statutory damages under the Lanham Act." 3M Co. v. Mohan, 2010 WL 5095676, at *29-30 (D. Minn. 2010). The Tenth Circuit has likewise recognized the Seventh Amendment right for plaintiffs in trademark infringement cases seeking statutory cases. See Microsoft v. MBC Enterprises, 120 F. App'x 234, 240, n.1 (10th Cir. 2004) ("In the event the [statutory damages] case proceeds to trial on remand, however, we note with respect to the damages award under the Copyright Act and the Lanham Act, the Supreme Court has held the right to a jury trial under the Seventh Amendment attaches.").

Several district courts have also reached the same conclusion. See Louis Vuitton

Malletier, S.A., No. C 07-03952, 2010 WL 5598337, at *12 (N.D. Cal. Mar. 19, 2010) (concluding that Feltner required a jury trial where, as here, the plaintiffs brought claims only for injunctive relief and statutory damages under the Lanham Act; reasoning that "[a]lthough Feltner was decided in the context of the Copyright Act, the Supreme Court did not indicate that its rationale was tied to anything specific to that act") see also Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. 658 F.3d 936 (9th Cir. 2011); Microsoft Corp. v. Master Computer, Inc., 2005 WL 2562290, at *6 (M.D. Pa. 2005) (concluding that under Supreme Court precedents, including Feltner, there was a right to a jury trial as to statutory damages).

Consequently, the "jury has wide discretion in setting the award" while "the district court maintains its role as the evidentiary gatekeeper." [Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 993 (9th Cir. 2009)] Further, since the Feltner and Columbia Pictures cases various courts have conducted jury trials on the issue of statutory damages and such trials are indeed a common practice under both the Lanham Act and Copyright Act. [See e.g., New Form, Inc. v. Tekila Films, Inc., 2009 U.S. App. LEXIS 24887, (9th Cir. Nov. 6, 2009); Kiva Kitchen & Bath, Inc. v. Capital Distrib. Inc., 319 Fed. Appx. 316 (5th Cir. April 2, 2009); Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983 (9th Cir. 2009); Albarran v. New Form, Inc. 545 F.3d 702 (9th Cir. 2008); Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101 (2nd Cir. 2001)]

### C. Willfulness Necessarily Involves Motive and Intent and is a Question for the Jury to Decide

Willfulness necessarily involves questions of motive, intent and credibility, which are issues for the jury to decide. [Hearst Corp. v. Stark, 639 F.Supp. 970, 980 (N.D.Cal.1986) (determination of willfulness is ordinarily a question of fact for the jury). As discussed above regarding statutory damages, the issue willfulness routinely goes to the jury. [see e.g. Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. 658 F.3d 936 (9th Cir. 2011)]

### III. PLAINTIFF'S EXHIBIT LIST

Pursuant to this Court's instruction Plaintiff has paired down its exhibit list to exemplars. Said list is attached hereto as Exhibit A and also filed as a separate document concurrently herewith.

### IV. PLAINTIFF'S JURY INSTRUCTIONS

As discussed during the hearing, Plaintiff is amending and withdrawing some of its jury instructions. The amended instructions are being filed concurrently herewith. The following is a summary of the changes:

27 – editing instruction to make more specific to counterfeiting.

31- typo corrected at top of page.

34 – plural changed to singular

40 – removed actual, test is likelihood

41 – added the following language to reflect controlling authority as set forth in Automotive Gold v. Volkswagen, 457 F. 3d 1062 (9th Cir. 2006) a case involving keychains where the Ninth Circuit held there was a now degree of consumer care: <u>In this case involving inexpensive and unsophisticated keychains, there is a low degree of consumer care.</u>

42 – withdrawn. Not applicable in this case.

50- changed Coach to Defendant, removed attorney fees, included statutory damages.

51 – cleaned up the numbering.

53 –withdrawn. Only applicable to trebling and enhanced statutory damages, which is mandatory if willfulness is found.

### V. PLAINTIFF'S OPENING EXHIBITS

Plaintiff has provided to Defendant's counsel the pdf's Plaintiff intends on using during opening argument.

6

**PLAINTIFFS' BRIEF REGARDING ISSUES TO BE TRIED BY JURY**

7

DATED:   May 31, 2012                BLAKELY LAW GROUP

                              By:   s/Brent H. Blakely
                                    Brent H. Blakely
                                    *Attorney for Plaintiffs*
                                    *Coach Inc., and Coach Services, Inc.*