**Donald A. Bick** (OSB 60011)
dabick@aol.com
**DONALD A. BICK, PC**
1238 Throne Drive
Eugene, OR 97402-7420
Telephone: (541) 654-0836
Facsimile: (877) 216-0083
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SISKIYOU BUCKLE CO., INC., an Oregon Corporation dba SISKIYOU GIFTS; DOES 1-10, inclusive, Defendants. | CASE NO: 3:11-cv-00486-HZ <br><br> **DEFENDANT'S MEMO ON ISSUES INVITED TO BE BRIEFED AT PRE-TRIAL** |

At the pre-trial conference the Court invited the parties to brief three issues. (1) Is dilution an issue for the Court or the jury? (2) Is willfulness an issue for the Court or the jury? (3) Is statutory damages an issue for the Court or the jury?

1. **Dilution and Willfulness**

   Dilution is governed by 15 U.S.C.§ 1125(c) which allows monetary relief (as opposed to injunctive relief) when the trademark owner can show dilution and that the defendant "willfully intended to trade on the recognition of the famous mark," or "willfully intended to harm the reputation of the famous mark. 15 U.S.C.§1125(c)(5)(B)(i) & (ii). The monetary relief is in turn under 15 U.S.C. 1117(a).

   The cases most often cited seem to be cases cited where the decision was made by the lower Court. No appellate cases have been found by Defendant where the issue was decided by a jury though in the Adidas case the issue of willfulness was allowed to be determined by the jury and that case was decided in this court.

   The wording of the statute itself seems to answer the question when it says:

   "The owner of the famous mark shall also be entitled to the remedies set forth in sections 1117(a)....subject to the discretion of the court and the principles of equity..."

   [Section 1117(a) in turn allows recovery of monetary damages which include (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.]

   Section 1117(a) goes on to say, among other things, "The court shall assess such profits and damages or cause the same to be assessed under its direction." That seems to suggest that the court either determines the profits or damages itself or causes it to be assessed by someone else under the court's direction such as a master.

   Section 1117(a) also says "The court in exceptional cases may award reasonable attorneys fees to the prevailing party." which again suggests it is a matter for the Court.

Defendant's conclusion based upon the above is that the dilution claim is one for the Court, as is willfulness as a part thereof.

2. **Statutory Damages**

Statutory damages are allowed for counterfeiting cases 15 U.S.C. §1116(d) and cyberpirating, under 15 U.S.C.1125(d)(1). In both cases the plaintiff may elect statutory damages in lieu of actual damages "at any time before the final judgment is rendered by the trial court." The statute discusses the range of statutory damages "as the court considers just."

That certainly suggests that such damages are set by the court in an amount between the ranges set forth in the statute as the court considers just.

It also would make no sense to submit statutory damages to the jury along with actual damages and then let the jury decide which to give, or to give both. It is apparent that what the statute really means is that the plaintiff may elect to rely on statutory damages rather than actual damages in those cases and thereafter the court makes the decision as it considers just under the facts of the case.

It is not clear whether the statute is saying that actual damages can be submitted to the jury, and if they award none or a small amount, then Plaintiff can ask for statutory damages in lieu thereof. Or alternatively, must Plaintiff make some election before the issue of actual damages is submitted to the jury. The latter certainly seems more fair. There may even be a due process constitutional question if a jury is given the unbridled jurisdiction to determine damages within the statutory limits

Though the answer is far from clear to the undersigned, it appears the statute is stating that statutory damages is an issue for the court to decide or preside over.

Respectfully submitted this 1st day of June, 2012

DONALD A. BICK, P.C.

_/s/ Donald Bick_
Donald A. Bick OSB# 60011
Attorney for Defendants