**Christopher E. Hawk** (OSB 061635)
chawk@gordonrees.com
**GORDON & REES LLP**
121 SW Morrison Street, Suite 1575
Portland, Oregon 97204
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

**Brent H. Blakely (Pro Hac Vice)**
bblakely@blakelylawgroup.com
**Blakely Law Group**
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
*Attorneys for Plaintiffs Coach, Inc.*
*and Coach Services, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **COACH, INC.**, a Maryland Corporation; **COACH SERVICES, INC.**, a Maryland Corporation,<br><br>                     **Plaintiffs,**<br><br>        v.<br><br>**SISKIYOU BUCKLE CO., INC.**, an Oregon Corporation dba **SISKIYOU GIFTS**; DOES 1-10, inclusive,<br><br>                     **Defendants.** | CASE NO: 3:11-cv-00486-HZ<br><br>**PLAINTIFFS' BRIEF REGARDING THE JURY'S JUNE 5, 2012, QUESTIONS** |

The afternoon of June 5, 2012, the jury indicated it had two questions regarding the jury instructions. First, whether the Court could give a more detailed description as to what

"substantially indistinguishable" means? Second, what is the difference between trademark counterfeiting and trademark infringement?

As previously outlined in Plaintiffs' objections to the proposed jury instructions, the jury's confusion likely stems from the incomplete instructions given by the Court which fail to fully explain trademark infringement, how it relates to the specific facts of this case, and that trademark infringement is a much lower standard than trademark counterfeiting, where the standard is "identical or substantially indistinguishable from."

In trademark infringement cases, the test is whether consumers will likely be confused about the source, affiliation, connection or association of Defendant's goods by Defendant's use of a mark similar to Plaintiffs'. Furthermore, strength of the mark weighs heavily in this analysis. This authority is embodied in the Ninth Circuit model instruction 15.17 as well as Plaintiffs' proposed jury instruction Number 34. Furthermore, Plaintiffs' jury instructions 35-37 also deal with and clarify these issues, and are drawn from controlling authority.

The Court decided to not use Plaintiffs' instructions on likelihood of confusion and instead used some aspects of the model instructions. However, inexplicably, the Court did not include model instruction 15.17 which states as follows:

> How [strongly] [distinctively] a trademark indicates that a good comes from a [particular] [specific] source [even if unknown] is an important factor to consider in Instruction [insert number of instruction regarding likelihood of confusion, e.g., 15.16] for determining whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's mark.
>
> The plaintiff asserts [insert claimed trademark] is a trademark for its [insert good or service or business]. The plaintiff contends the defendant's use of [those] [similar] words in connection with the defendant's [insert the defendant's product or service or business] [[infringes plaintiff's trademark] [and] [is likely to cause confusion about the origin of [goods] [services] [business] associated with that trademark.]]

Plaintiffs previously objected to the Court failing to provide Plaintiffs' instruction Number 34. Plaintiffs further object to the deletion of Ninth Circuit model instruction 15.17.

Without waiving the objection regarding Plaintiffs' instruction Number 34, Plaintiffs request this instruction be given to the jury in response to the jury's question:

> How strongly a trademark indicates that a good comes from a particular source is an important factor to consider in Instruction 7 for determining whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's mark.
>
> The plaintiff asserts the Signature C mark is a trademark for its products. The plaintiff contends the defendant's use of a similar mark in connection with the defendant's keychains is likely to cause confusion about the origin of goods associated with that trademark. The standard for determining trademark infringement is much lower than that for counterfeiting.

With regard to the jury question concerning the test for counterfeiting, Plaintiffs request that the Court provide the following clarification, which is taken from controlling authority: "the mark on Defendant's keychains does not need to be an exact duplicate of Coach's Signature C mark in order for it to be a counterfeit."

DATED:    June 6, 2012            BLAKELY LAW GROUP

                                  By:    s/Brent H. Blakely
                                         Brent H. Blakely
                                         *Attorney for Plaintiffs*
                                         *Coach Inc., and Coach Services, Inc.*