**Christopher E. Hawk** (OSB 061635)
chawk@gordonrees.com
**GORDON & REES LLP**
121 SW Morrison St., Suite 1575
Portland, Oregon 97204
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

**Brent H. Blakely** (*Pro Hac Vice*)
bblakely@blakelylawgroup.com
Blakely Law Group
915 North Citrus Avenue
Hollywood, CA 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SISKIYOU BUCKLE CO., INC., an Oregon Corporation dba SISKIYOU GIFTS; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 3:11-cv-00486-HZ<br><br>COACH'S OPPOSITION TO SISKIYOU'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S THIRD AND FIFTH CLAIMS OF RELIEF UNDER FRCP 50 |

## I.  INTRODUCTION

If anything at all can be learned from Siskyou's motions for Judgment as a Matter of Law with regard to Coach's Third and Fifth causes of action, it is Defendants' ongoing, fatally flawed understanding of basic trademark law. Plaintiff Coach exceeded its burden of proof to demonstrate trademark infringement and common law unfair competition against Siskiyou.  The elements of these claims were not only undisputed by Defendant, but corroborated by its own exhibits and testimony.  After careful deliberation, the jury entered a verdict for Coach consistent with the Court's instruction, the special verdict form they were asked to complete and the applicable law.  Siskiyou's continued failure to understand the consequences of it's illegal conduct underscores the jury's wisdom.

Courts may grant a judgment as a matter of law only if "the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person only to one conclusion, namely, that the moving party was entitled to judgment." [Down East Energy Corp. v. Niagara Fire Ins. Co. 176 F. 3d 7, 14 (1st Cir. 1999); White v. Ford Motor Co. 312, F. 3d 998, 1010 (9th Cir. 2002)] Conversely, the jury's verdict must be upheld if, viewing the facts in the light most favorable to the nonmoving party, there is sufficient evidence  for a reasonable jury to have found in the nonmoving party's favor.  [Johnson v. Paradise Valley Unified School Dist., 251 F. 3d 1222, 1227 (9th Cir. 2001)]  Thus, judgment as a matter of law should not be granted unless there is a complete absence of evidence supporting the verdict and that the jury's findings could only have been the result of sheer surmise and conjecture, or, where there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it.  [Meloff v. New York Life Ins. Co. 240 F. 3d 138, 145 (2nd Cir. 2001)]  In light of the overwhelming evidence adduced at trial supporting the verdict, Siskiyou's Motions should be denied.

## II. ARGUMENT

### A. Defendant Did Not Raise Issues In Its Re-Trial Rule 50 Motion

A party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise in its preverdict Rule 50(b) motion. [EEOC v. Go Daddy Software Inc., 581 F. 3d 951, 961 (9th Cir. 2009)] It is clear from the transcript that Siskiyou never made any argument concerning 15 U.S.C. §1125(a), i.e, that this is somehow an advertising case, in its preverdict FRCP 50 motion. (Tr. Pgs. 175-217) Accordingly, this argument is procedurally deficient and Siskiyou's Motion for Judgment as a Matter of Law with Respect to Plaintiff's Third Claim of Relief should be denied on this basis alone.

### B. The Elements Of A 15 U.S.C. §1125(a)(a)(A) Claim Were Met

Coach's Third Cause of Action was for trademark infringement in violation of 15 U.S.C. §1125(a), which provides as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, *or*
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. (*emphasis added*)

The Ninth Circuit, essentially stating the obvious, has held:

> "Its drafters wrote the purposes of the Lanham Act, two of which are relevant here, into the statute itself: to make "actionable the deceptive and misleading use of marks in ... commerce" and 'to protect persons engaged in ... commerce against unfair competition.' 15 U.S.C. § 1127 (1988). Section 43(a) reflects both of these purposes, providing two bases of liability: (1) false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device ("false association –{i.e., product infringement}"), and (2) false representations in advertising concerning the qualities of goods or services ("false advertising").

[Waits v. Frito-Lay Inc., 978 F. 2d 1093, 1108 (9th Cir. 1992); see also U-Haul Int'l, Inc. v. Jartran, Inc., 681 F.2d 1159, 1160 (9th Cir.1982) (discussing trademark infringement and false comparative advertising as two distinct causes of action under § 43(a)); Resource Developers, Inc. v. Statue of Liberty-Ellis Island Foundation, Inc., 926 F.2d 134 (2nd Cir., 1991) (Lanham Act provision proscribing false description or representation of goods provides for two distinct causes of action: false designation of origin or source, known as "product infringement," and false description or representation, known as "false advertising.")]

Siskiyou attempts to mischaracterize Coach's §1125(a)(a)(A) claim as one for false advertising. As was made very clear in Coach's pleadings and in the jury instructions, to which Defendant did not object, Coach was only proceeding on the first prong of 1125(a), specifically section (1)(A), for false designation of origin, i.e, run of the mill trademark infringement. Consequently, Siskiyou's misdirected discussion of false advertising and cases like Cook, Perkiss and Liehe, Inc. interpreting same are simply misplaced. Put charitably, Siskiyou's arguments may be in the same solar system, but they are not on the same planet.

A cause of action for false designation of origin under 1125(a)(1)(A) arises when a mark used in interstate commerce is likely to cause confusion, or to deceive purchasers into believing that source of origin of goods is another. [Nature's Bounty, Inc. v. SuperX Drugs Corp., 490 F.Supp. 50, 207 U.S.P.Q. 263. (E.D.N.Y.1980)] To prevail on its Lanham Act trademark claim, a plaintiff " 'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.' " [Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir.2011)] In determining the likelihood of confusion, courts utilize the well known factors set forth in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979).

This Court gave the jury the model jury instructions regarding Plaintiff's claims, to which Siskiyou did not object. Reviewing the entire record as this Court must[1], there is no question that Coach presented substantial evidence to support its 1125(a)(1)(A) claim and that there was a likelihood of confusion between Siskiyou's infringing products and Coach's Signature C Mark.

---

[1] Reeves v. Sanderson Plumbing Products., 530 U.S. 133, 149-150 (2000)(When ruling on a JMOL motion, the court must review the entire record, not just evidence favorable to the nonmoving party). Furthermore, the trial court must disregard all evidence favorable to the moving party except evidence that the jury is required to believe. Wintaro v. Toshiba, 274 F. 3d 1276, 1283 (9th Cir. 2001).

### C.   Coach Presented Considerable Evidence Of Notice Pursuant To 15 U.S.C. §1111

Siskiyou once again misinterprets/misrepresents the law and facts concerning 15 U.S.C. §1111.   Siskiyou appears to be arguing that Section 1111 requires a trademark holder to engrave the ® symbol on each and every product, on the product itself, directly next to the trademark itself, in order to give statutory notice.  Section 1111 was enacted in 1946 yet Siskiyou fails to cite a single piece of legal authority for its novel interpretation of the statute.  There is an obvious reason for this omission - this is not the law.  As this Court itself indicated during trial:  "No, the statute doesn't say where it has to be."  (Tr pg. 183 lns 23-24)

As the statute itself clearly states on its face, there are a number of ways other than engraving an ® on a good itself to give notice under 15 U.S.C. §1111.  For instance, a trademark holder can give notice by stating words such as Registered in U.S. Patent and Trademark Office in connection with the mark in question, i.e, displayed with the mark.  Furthermore, this can be done in advertising, on websites, hangtags, packaging, catalogs, and a variety of other ways.

In the present case the undisputed evidence is that Coach has complied with 15 U.S.C. §1111, the jury was instructed on this provision (instruction No. 12) without objection from Siskiyou, and the jury ruled accordingly.   During trial Coach's representative Ethan Lau testified that Coach displays the statutory language and/or ® symbol next to the Signature C Mark in a variety of ways: Coach's annual corporate filings such as 10K's, on hangtags attached to goods, catalogs, ordering information, and on its website at www.coach.com  and www.coachfactory.com.  (TR pg. 67 ln. 15-pg. 69 ln. 9; pg. 102 ln 25 – pg. 104 ln. 20; Exhibits 6-20).

Finally, the jury also found Siskiyou liable under Oregon common law and for infringement in violation of 15 U.S.C. §1114. Clearly, 15 U.S.C. §1111 has no application to a cause of action under Oregon common law. Furthermore, Coach would still be entitled to recover under its Second Cause of Action for trademark infringement in violation of 15 U.S.C. §1114, which Siskiyou has not challenged.

### D.  The Elements Of Common Law Unfair Competition Were Met

Oregon recognizes a claim for common law unfair competition. As the court in <u>Classic Instruments Inc. v. VDO-Argo Instruments Inc</u>., 73 Or. App. 732, 735 (1982) held:

> The law of trademarks is a species of the genus "unfair competition." <u>Milgrim Bros. v. Schlesinger</u>, 168 Or. 476, 482, 123 P.2d 196 (1942); McCarthy, *Trademarks and Unfair Competition*, § 2:2 (2d ed. 1984) (hereinafter, McCarthy, Trademarks ). In Oregon, common law trademark cases typically have involved the alleged invasion of a protectible interest in a tradename. See e.g., <u>Frostig v. Saga Enterprises, Inc</u>., 272 Or. 565, 539 P.2d 154 (1975); Lift Truck v. Bourne, 235 Or. 446, 385 P.2d 735 (1963); <u>Western Bank v. Western Bancorp</u>., 47 Or.App. 191, 617 P.2d 258 (1980). Trademarks and tradenames are protectible under common law on the same principles. *McCarthy*, Trademarks, supra, at § 4:4. In an action for trademark infringement, the question is whether customers or users of goods or services are likely to be confused about the source of the goods or services. <u>Airwick Industries, Inc. v. Alpkem Corp</u>., 384 F.Supp. 1027, 1030 (D.C. Or.1974). A determination of whether confusion between goods is likely generally involves consideration of several factors: the strength of the trademark, the similarity of the trademarks, marketing channels and methods, proximity of the goods, evidence of actual confusion and the degree of care likely to be exercised by a potential customer. <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348 (9th Cir.1979).

Subsequent to the ruling in Classic Instruments , Oregon courts have routinely held that Claims for common law trademark infringement are analyzed using the same framework under the Lanham Act. [see e.g., L & A Designs v. Xtreme ATVs, Inc., 2012 WL 1532417 (D.Or.,2012); adidas-Salomon AG v. Target Corp. 2003 WL 25710435 (D.Or.,2003); Edge Wireless, LLC v. U.S. Cellular Corp., 2004 WL 1661992 (D.Or.,2004)]  As discussed above, the test for all three claims that went to the jury (§1114, §1125, common law) was likelihood of confusion.  Considering the evidence presented, the jury properly found in favor of Coach.

Siskiyou's final argument is that it shouldn't be held liable because it purportedly did nothing other than order a product from China for Hillman.  Again, this is a legally and factually flawed proposition.  "Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor." [Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 207 (DC Cir. 1981); see also Hard Rock Cafe Intern., (USA), Inc. v. Hard Rock Hotel Holdings, LLC, 808 F.Supp.2d 552  (S.D.N.Y.,2011)(Because unfair competition, trademark infringement, and trademark dilution are tortious acts, every entity actively partaking in, lending aid to, or ratifying and adopting such acts is liable as a joint tortfeasor.)]

Here, the evidence is undisputed that Siksiyou "used in commerce" goods that contained a reproduction of Coach's Signature C Mark that were likely to cause confusion.  Siskiyou ordered the infringing goods from its manufacturer in China, paid the Chinese manufacturer for those goods, sold the infringing goods to Hillman, which in turn paid Siskiyou.  Siskiyou's attempt at semantics is really irrelevant.  Whether Siskiyou was a broker, importer, or wholesaler, it is still liable for infringement because it participated in the distribution of infringing

merchandise. In any event, although a legally incorrect argument, Siskiyou made same to the jury and it was soundly rejected.

### III. CONCLUSION

Based on the foregoing, Coach respectfully requests that this Coach deny Siskiyou's Motions for Judgment as a Matter of Law on Coach's Third and Fifth Causes of Action.

DATED:   July 16, 2012            BLAKELY LAW GROUP

                                  By:   s/Brent H. Blakely_____
                                        Brent H. Blakely
                                        *Attorney for Plaintiffs*
                                        *Coach Inc., and Coach Services, Inc.*