**Donald A. Bick** (OSB 60011)
dabick@aol.com
**DONALD A. BICK, PC**
1238 Throne Drive
Eugene, OR 97402-7420
Telephone: (541) 654-0836
Facsimile: (877) 216-0083
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **COACH, INC.,** *a Maryland Corporation;* **COACH SERVICES, INC.,** *a Maryland Corporation,* | *CASE NO: 3:11-cv-00486-HZ* |
| Plaintiffs, | |
| v. | **DEFENDANT'S REPLY TO PLAINTIFF'S MEMO IN OPPOSITION TO DEFENDANTS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S THIRD AND FIRTH CLAIM FOR RELIEF UNDER FRCP 50** |
| **SISKIYOU BUCKLE CO., INC.,** *an Oregon Corporation dba* **SISKIYOU GIFTS; DOES 1-10,** *inclusive,* | |
| Defendants. | |

Defendant submits this memorandum in reply to the opposition memo filed by Coach

with respect to the motions of Defendant for judgment as a matter of law with respect to the third

and fifth claims for relief in the complaint filed by Coach. The reply will follow the order of the

matters discussed by Coach.

1. **Plaintiff's claim that Defendant did not make any argument with respect to 15 U.S.C. § 1125(a) at trial is factually wrong.**

At the conclusion of Plaintiffs' case in chief Defendant submitted a written motion for judgment under FRCP with respect to both the third and fifth claims for relief, in each instance substantially the same as the post trial motions. A copy of the written motions are attached hereto and argument was made during the trial with respect to the fact that a section 1125(a) claim required affirmative action by Defendant not just being involved in the chain of sales.

2. **Coach has not submitted any cases contrary to the cases cited by Defendant in which the 9th Circuit held claims under 15 U.S.C. § 1125(a) required affirmative actions by defendant as an element of the claim.**

In its motion Defendant cited a number of cases in the 9th Circuit which defines one of the elements of the claim as *"1. A false statement of fact by the defendant in commercial advertising about its own product or another's product"* Plaintiff has totally ignored those cases in its' argument, (except to characterize defendant's argument thereon as "being in the same solar system, but they are not on the same planet." (See Plaintiff's Memo page 2) The cases cited by Defendant are clearly on point and Plaintiff has attacked Defendant's contentions, not on the merits, but by insulting opposing counsel. That alone makes one question Plaintiff's arguments from the standpoint of merit.

3. **Coach misapplies the holdings in the three cases cited by it.**

The *Waits* case and the *U-Haul* case cited by Coach are all cases holding as Defendant has asserted the law is, not as Plaintiff now contends is the law. In *Waits,* the Defendant

made an imitation voice over of Plaintiff in its advertising. *The U-Haul* case is another case of affirmative false advertising.

The *Resource Developer's* case was not a false advertising claim under § 1125(a) but is noteworthy for the following statement made therein concerning that statute.

> "When a plaintiff seeks money damages in either a product infringement case or a false advertising case asserted under section 43(a), the plaintiff must introduce evidence of actual consumer confusion. *E.g., PPX Enterprises,* 818 F.2d at 271-72; *Warner Bros., **Inc**. v. Gay Toys, **Inc**.,* 658 F.2d 76, 79 (2d Cir.1981). This requirement must be distinguished from cases brought under the Lanham Act in which only injunctive relief is sought; in those cases the plaintiff need only prove a likelihood of confusion among consumers. *PPX Enterprises,* 818 F.2d at 271.

Having not offered any evidence of actual confusion, Coach ought not to cite that case for anything. In fact in that case the court granted a summary judgment against the Plaintiff. Coach attempts to get around the above requirement by saying there was a likelihood of confusion. (See Coach memo p. 4) A likelihood of confusion is not enough in a damage case under section 43(a) as the case cited by Plaintiff clearly says in the quote above.

The *Network Automation* case cited by Coach was a case involving use of key words in internet advertising, but again involved affirmative action by the Defendant for liability. Section 1125 was not involved in that case. Not for the first time Coach has cited a case which helps Defendant, not Plaintiff.

4. **Siskiyou is not arguing, nor did it ever argue that the registration methods of § 1111 required the registration sign on the product itself, though that is often done.**

The statute, as clearly set forth in Defendant's memo, clearly requires that one of the methods of notifying the public of the registration of the mark has to be used "with the mark" It does not require it "on" the product. The obvious purpose of the statute is so the public can see the mark and know that certain mark is registered. In this case, as in the Asia Pacific

case, Coach simply said they had a registered mark without showing the mark "with" one of the methods of showing registration set for in the statute.

5. **Coach's own evidence shows conclusively that the language in the documents offered in evidence do not show the mark "with", or as Coach now says "next to the Signature C Mark". Plaintiff's brief page 5)**

It is only necessary to review the 10Ks, the catalogs, and the website of Coach to see that if Mr. Lau really testified as is now represented, he was either mistaken or intentionally stated something that Coach's own evidence shows to be untrue. In fact, if Coach is serious in saying there are places in any of the evidence or on the Coach website where the mark is shown "next" to or "with" one of the methods of showing registration, as the statute requires, then Coach should point out exactly where such can be found either in the evidence or on the website because Defendant can find no such references. The court is requested to review either www.coach.com or www.coachfactory.com to see if it can find such references. Plaintiff has not pointed out a single place in which the mark is shown and the registration identification is next to it or with it.

6. **The jury did not render a verdict on the Fifth claim for relief. The verdict form told them to quit if they found for Plaintiff on the second claim for relief under the Lanham Act.**

The verdict form clearly was filled out for a verdict on the second claim for relief. It said it required the jury to not only determine whether there had been a trademark infringement, but also whether or not defendant had actual or statutory notice of the registration. There was no finding on any common law or Oregon statutory violations as alleged in the fifth claim for relief.

7. **The Oregon law is not as cited by Coach.**

The *Classic Instruments* case was largely a discussion of Federal law, and did not say that under either Oregon statutory law or common law one could be liable for simply being a passive participator in the sale of a product which can be the basis of liability under the Lanham Act section sued upon by Coach in its second claim for relief and upon which the jury verdict was based. It clearly was involved with Federal law and in a context of a Defendant who was actively involved in creating what was alleged to create some confusion as to origin.

The *Milgrim Bros.* case was an injunction case and did not involve an inactive participant in the sale process as here. The Frostig case, cited by Coach, is an injunction case in which Defendant was not permitted to use the term "Black Angus" as part of its registered name because of a previous use of the name by Plaintiff.  Again, it was not a common law infringement case for damages like is here alleged, and it involved an active participant not a mere seller in a chain of sellers as is here involved.

The *Edge Wireless* case cited by Coach is the same case decided by Judge Aiken and cited by Defendant in its memo. It was an injunction case and involved Federal law not state law or common law.

No cases have been cited by Coach which defines the Oregon statutory law or Oregon common law elements, and its conclusion that Oregon common law is the same as 15 U.S.C §1114 is simply unwarranted. To now claim that the fifth claim for relief was the basis for the jury verdict, rather than the second claim for relief under the Lanham Act is both factually inaccurate and unwarranted under the law of Oregon or at common law. No cases at all have been cited in Oregon or under the common law that anyone is

liable who was not a participant in creating possible confusion as to origin etc. That concept is purely one of Federal law under the Lanham Act.


CONCLUSION

For the reasons set forth in its original motion and the observations made herein Defendant contends the court should grant its motions for judgment under FRCP 50 with respect to the third and fifth claim for relief.


Respectfully submitted this 27th day of July, 2012

DONALD A. BICK, P.C.


Donald A. Bick OSB# 60011
Attorney for Defendant

**Donald A. Bick** (OSB 60011)
dabick@aol.com
**DONALD A. BICK, PC**
1238 Throne Drive
Eugene, OR 97402-7420
Telephone: (541) 654-0836
Facsimile: (877) 216-0083
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **COACH, INC.,** *a Maryland Corporation;* **COACH SERVICES, INC.,** *a Maryland Corporation,*<br><br>        *Plaintiffs,*<br><br>    v.<br><br>**SISKIYOU BUCKLE CO., INC.,** *an Oregon Corporation dba* **SISKIYOU GIFTS; DOES 1-10,** *inclusive,*<br><br>        *Defendants.* | *CASE NO: 3:11-cv-00486-HZ*<br><br>**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER FRCP 50** |

Pursuant to FRCP 50, Defendant moves the court for a judgment for Defendant as a matter of law with respect to Plaintiffs' third claim for relief, False Designations of Origin and False Advertising under 15 U.S.C.1125(a),  for the reason that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff with respect to that claim

## ARGUMENT.

### 1. 15 U.S.C. 1111 (Section 29 of Lanham Act) Considerations

Defendant incorporates by reference the argument with respect to FRCP 50 judgment as a matter of law because of the failure of Plaintiffs to prove compliance with 15 U.S.C. 1111.

### 2. Here, again, there are no allegations of contributory infringement or vicarious liability

The Inwood case referred to in the motions with respect to the first two claims was decided under 15 U.S.C §1114 (Section 32 of the Lanham Act). This claim is under 15. U.S.C. § 1125(a), but here again, though not covered by the Inwood case, the same reasoning applies and the arguments in the motion with respect to claims one and two are even more logical here.

Defendant made no representations or designations of origin etc. at all, and could only be liable on some contributory or vicarious liability basis. There is no wording in this statute at all about a distributor or some other person being liable simply because they had something to do with the product like there is in §1114.

### 3. Plaintiffs have provided no evidence that Defendant made any "false designations of origin, false or misleading description of fact, or false or misleading representations of fact which were likely to cause confusion, mistake, or deceive as to the affiliation, connection or association with Coach products.

Plaintiff have alleged a violation of 15 U.S.C.§ 1114 in claim number two. 15 U.S.C. 1125(a), if it is to be more than just duplicative of §1114 must be construed as requiring something more than is required under §1114. It must require some actual statements or objectively saying to the consuming public something about the product which would cause confusion of the origin of the product within that group of people. Plaintiffs are indulging in

overkill with this claim. There is no evidence that Defendant did anything except provide

Hillman with what it asked for. Anything done after then was not the responsibility of

Defendant, and if Hillman or Lowes or Wal-Mart did in fact do something, it is Defendant'

position it cannot be held liable for what they might have done, individually or collectively.

At the pretrial conference Coach's attorney stated Coach was not claiming any false

advertising just "This is a false endorsement between our product and what they were selling—

not false advertising."

Assuming that to be true, it is apparent they need to prove that, and they offer no

testimony to the effect that Siskiyou endorsed the product at all. It simply arranged for Hillman

to buy a product that Hillman said it wanted that was available in China.

In short it is Defendants position that absent some evidence of something Defendant itself

did which was a "false designation of origin" or a "false or misleading description of the

product" or made some false or misleading representations of fact" it is not liable under this

section. If it did make such false statements etc. then the confusion issue comes into play, but

not until Plaintiffs have proved the condition precedent to the confusion issue, which they have

not done here.

Respectfully submitted this 4th day of June, 2012

DONALD A. BICK, P.C.

/S/ Donald A. Bick
Donald A. Bick OSB# 60011
Attorney for Defendants

**Donald A. Bick** (OSB 60011)
dabick@aol.com
**DONALD A. BICK, PC**
1238 Throne Drive
Eugene, OR 97402-7420
Telephone: (541) 654-0836
Facsimile: (877) 216-0083
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **COACH, INC.,** *a Maryland Corporation;* **COACH SERVICES, INC.,** *a Maryland Corporation,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**SISKIYOU BUCKLE CO., INC.,** *an Oregon Corporation dba* **SISKIYOU GIFTS; DOES 1-10,** *inclusive,*<br><br>*Defendants.* | *CASE NO: 3:11-cv-00486-HZ*<br><br><br>**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF UNDER FRCP 50** |

Pursuant to FRCP 50, Defendant moves the court for a judgment for Defendant as a matter of law with respect to Plaintiffs' fifth claim for relief, "Common Law Unfair Competition", (which they allege is the law of Oregon and the rest of the country) for the reason that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff with respect to that claim.

# ARGUMENT

There is simply no evidence submitted by Coach which would support a determination by a reasonable jury that Siskiyou engaged in unfair competition.

The Court at the pre-trial conference indicated the fifth claim was basically the same as the claims under Federal law. Thus the reasoning with respect to those claims is applicable here insofar as they deal with something other than Federal statutory law.

Coach has submitted requested instruction # 46 as their latest instruction requests. That instruction says that Defendant is liable if (1) its products are likely to cause confusion, to cause mistake, or to deceive as the affiliation, connection, or association of Defendant with Coach, or (2) its products are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods by Coach"

Assuming that is the law that Coach relies on, then the same arguments made with respect to the motion for a FRCP 50 ruling with respect to the third claim for relief applies here.

Defendant was nothing more than a broker, or sales agent, a sort of middleman. It did not have any product, just a brokering of a product. And in any event, it did nothing to cause confusion, mistake or association with the products of Coach. Obviously Defendant contends no one did, and the trademark was not only not counterfeit, but was not confusing in the least, and with respect to the latter point Plaintiffs admit that there was no point of sale confusion, which is generally what the Common Law deals with. The idea of post-sale confusion is something invented under Federal trademark law, not, at least to the knowledge of Defendant, something that applies to the common law. All cases seem to deal with a seller of a product to the public which tends to confuse the consumer regarding the source, affiliation etc., not something done by

a mere middleman or broker who has nothing to do with the marketing, the selling, or the manufacturing of the product.

Respectfully submitted this 4th day of June, 2012

DONALD A. BICK, P.C.

/S/ Donald A. Bick

Donald A. Bick OSB# 60011
Attorney for Defendants