IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

COACH, INC., a Maryland Corporation, and COACH SERVICES, INC., a Maryland Corporation,

        Plaintiffs,

  v.

SISKIYOU BUCKLE CO., INC., an Oregon Corporation dba SISKIYOU GIFTS,

        Defendant.

No. 03:11-CV-486-HZ

OPINION & ORDER

Christopher E. Hawk
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204

/ / /
/ / /

1 - OPINION & ORDER

Brent H. Blakely
Blakely Law Group
915 North Citrus Avenue
Hollywood, CA 90038

    Attorneys for Plaintiffs

Donald A. Bick
Donald A. Bick, P.C.
1238 Throne Drive
Eugene, OR 97402

    Attorney for Defendants

HERNANDEZ, District Judge:

Plaintiff Coach, Inc. and Coach Services, Inc. (collectively "Coach") sued Defendant Siskiyou Buckle Co., Inc. ("Siskiyou") for various violations of the Lanham Act and unfair competition. After a two-day jury trial, the jury returned a verdict for Plaintiff on a trademark infringement. Defendant renews his motion for judgment as a matter of law on Plaintiff's third claim for false designation of origin and fifth claim for common law unfair competition. I deny both motions.

## STANDARDS

In analyzing a motion for judgment as a matter of law, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. Horphag Research, Ltd. v. Pellegrini, 337 F.3d 1036, 1040 (9th Cir. 2003). To grant a motion for judgment as a matter of law, the court must find "no legally sufficient evidentiary basis for a reasonable jury to find" in favor of the nonmoving party. Fed. R. Civ. P. 50(a)(1).

A judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury. Ostad v. Oregon Health

Sci. Univ., 327 F.3d 876, 881 (9th Cir. 2003). The court may not substitute its view of the evidence for that of the jury. Costa v. Desert Palace, Inc., 299 F.3d 838, 859 (9th Cir. 2002), aff'd, 123 S. Ct. 2148 (2003). The court is not permitted to make credibility determinations and it may not weigh the evidence. Id. Additionally, as the Supreme Court notes, the court must "disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prdts., Inc., 530 U.S. 133, 151 (2000).

Under Rule 50(b), a party who has made a JMOL motion at the close of all the evidence may renew the motion after entry of judgment. Fed. R. Civ. P. 50(b). However, "[a] party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

## DISCUSSION

Plaintiff brought the following claims against Defendant: counterfeiting, trademark infringement, false designation of origin, dilution, and common law unfair competition. After the close of evidence, but before the jury was instructed, Plaintiff voluntarily dismissed the dilution claim. Dkt. 85. The parties also agreed that the substantive nature of the false designation of origin and unfair competition claims duplicated the findings necessary to find trademark infringement. Thus, the false designation of origin claim was not presented to the jury. However, the unfair competition claim was presented to the jury because unlike the trademark infringement claim, notice of the trademark is not necessary for recovery of damages. The jury found that (1) Defendant did not commit counterfeiting, (2) Defendant committed trademark infringement, and (3) Defendant had notice of Plaintiff's trademark. Because the jury found for Plaintiff on the trademark claim, it was unnecessary for the jury to make findings on

the unfair competition claim. In light of the jury's findings, I dismiss the false designation of origin and unfair competition claims as moot.

Defendant does not challenge the finding of trademark infringement. Instead, Defendant argues that there is no evidence that Defendant had notice the Plaintiff's trademark was registered—a requirement to establish damages for trademark infringement. Def.'s Mot. Jmt. Matter Law (Third Claim) 3. Defendant argues that notice of registration[1] must be displayed with the trademark on the product and that Defendant did not know that Plaintiff's mark was registered. First, the law does not require the notice of registration to appear next to the trademark on the product. All that the statute requires is notice with the mark. 15 U.S.C. § 1111. There no requirement that the notice appear next to the trademark on the product. Ethan Lau, in-house counsel for Plaintiff, testified that notice is achieved by annual corporate filings, hangtags attached to goods, catalogs, and its websites. Pl.'s Resp. 5. Defendant does not dispute the content of Mr. Lau's testimony, only the interpretation of the requirements of § 1111. Defendant's interpretation of § 1111 is incorrect. Second, there are two types of notice—statutory and actual. Because there is evidence of statutory notice via § 1111, Defendant's actual knowledge of Plaintiff's trademark is irrelevant. I decline to overturn the jury's finding that Defendant had notice of Plaintiff's trademark.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Notice of registration can take various forms, including an "R" enclosed in a circle or stating "Reg. U.S. Pat. & Tm. Off." 15 U.S.C. § 1111.

4 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendant's motions for judgment as a matter of law (#100, 101) are denied and the Plaintiff's claims for false designation of origin and unfair competition are dismissed as moot.

IT IS SO ORDERED.

Dated this 10 Aug day of July, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER