**Donald A. Bick** (OSB 60011)
dabick@aol.com
**DONALD A. BICK, PC**
1238 Throne Drive
Eugene, OR 97402-7420
Telephone: (541) 654-0836
Facsimile: (877) 216-0083
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SISKIYOU BUCKLE CO., INC., an Oregon Corporation dba SISKIYOU GIFTS; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 3:11-cv-00486-HZ<br><br>DEFENDANT'S REPLY TO DOCUMENT # 119 IMPROPERLY STYLED AS AN "OPPOSITION TO A MOTION FOR RECONSIDERATION AND NEW TRIAL" |

Defendant replies to Plaintiffs' Document # 119 is as follows:

1. **Plaintiff's incorrectly changed the heading of their response to aid their own argument improperly. The motion was not a motion for reconsideration.**

Coach's response is completely disingenuous, following a pattern that began early in the case.

Counsel for Defendant filed a declaration herein on February 16, 2012, in support of Defendant's motion for summary judgment, indicating Mr. Blakely had told

him in their first telephone call that he had specifically demanded Siskiyou be left out of the settlement of the California case because Siskiyou could be sued separately.

Thereafter, in order to avoid summary judgment on the issue of res judicata, Coach told the Court, through declaration of counsel, (Document 27, Declaration of Blakely paragraph 5, 8 & 9) (Document 25, page 12, and Document 29 page 17) "Coach was not even aware of Siskiyou's existence until well after the Hillman settlement was executed".) (Document 32, page 2, again a declaration of Blakely, which again said Coach had no knowledge of Siskiyou until after the settlement) (and, finally, Document 72, p. 13 where Mr. Blakely said "There is also no evidence that Siskiyou could have been added as a defendant to the California action. First, Coach wasn't even aware of the existence of Siskiyou until after the California action had been resolved against Hillman, Lowes and Wal-Mart. How can Coach add another defendant to an action whose *existence was completely unknown to Coach at that time?") emphasis supplied.*

It finally came out at trial that all those statements filed herein by Coach were untrue when Mr. Lau testified that Coach found out in 2009 that the key chains "were provided by Siskiyou Buckle" (Tr-129)

Next, Coach told the Court that Defendant's position was that the trademark had to be <u>on the product</u> itself when that was clearly not Defendant's position. (see all memos filed by Defendant, as well as the quotes on page 3 of Defendant's memorandum filed in support of the current motion.)

By continuously misstating Defendant's position Coach successfully got the Court to accept as fact that it was Defendant's position that the notice of registration had to be "on the product". (see the Court's opinion, Document 109, page 4)

Next, Coach filed a Bill of Costs which asserts witness expenses for Mr. Lau [declaring under penalty of perjury, that they are correct and were necessarily incurred] for one meal at the Red Star restaurant at a cost of $206, one meal at Ruth's Chris Steakhouse for $153 plus gratuity of $21 which included 4 drinks of 18 year old Macallan Scotch whiskey, and one meal for $133 at Henry's 12th Street Tavern. Those meals and drinks couldn't have been for Mr. Lau alone, but were probably for Mr. Blakely's meals and drinks as well which would not be recoverable as costs. (See attachments to Cost Bill with respect to restaurant expenditures at Ruth's Chris Steakhouse, Henry's, and the Red Star)

Now, Coach's next example of disingenuousness is calling its response to Defendant's motion a response to "a motion for reconsideration" when in fact there is no such motion, hoping that it will again be successful in diverting the Court's attention away from the issues actually raised by Defendant's motions, especially those involving the proper interpretation of 15 U.S.C §1111.

Coach's final example of disingenuousness is calling Defendant's motion for a new trial or remittitur a "Motion to Amend Judgment" in order to attempt to take advantage of favorable law with respect to amending judgments. Defendant's motion is simply a normal motion for a new trial under FRCP 59 and has nothing to do with amending a judgment.

Defendant's Motion is a "RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FRCP 50 AND ALTERNATIVE MOTION FOR NEW TRIAL UNDER FRCP-59". Coach styled its response: "COACH'S OPPOSITION TO

SISKIYOU'S MOTIONS FOR RECONSIDERATION AND NEW TRIAL" rather than a response to the actual motion filed by Defendant.

That was obviously done to attempt to put the motion into a posture which would, in Coach's opinion, help them avoid the merits of the motion by stating the motion involves something the Court has already ruled on.

The fact remains that this motion was not a motion for reconsideration at all but just what it says it was, a renewed motion for judgment as a matter of law under FRCP 50 and a Motion for a new trial under FRCP 59 with a further request for remitter.

The only reason "reconsideration" was even mentioned in Defendant's motion was because of language used by the court set forth in its opinion dismissing the third and fifth claims for relief as moot.

In connection with that ruling dismissing the third and fifth claims as moot, the Court used language with respect to 15 U.S.C. § 1111 in the form of a dictum indicating its understanding of the contentions of Defendant based, not upon what Defendant had in fact contended, but Plaintiffs' incorrect characterization of those contentions in its memorandum. Specifically the Court said Defendant had contended that the notice of registration had to be "on the product" which was clearly not the contention of Defendant, just something Coach had said was Defendant's contention.

In this motion, Defendant pointed out what it had actually contended, which was **not** that the registration notice had to be *on the product*, just "with" the trademark; (see page 3 of Defendant's memo in support of the motion) Defendant further pointed out that the Court was incorrect in stating that Defendant did not dispute the testimony of Mr. Lau. (see memo p. 4) And, finally, that the Court's opinion did not reach the contentions

of Mr. Blakely at trial that it was not necessary for the trademark to be shown "with" the notice of registration under 15 U.S.C. § 1111 at all. (Tr-189-190)

Thus, this was not truly a motion for reconsideration of a holding of the Court, but the word was used in Defendant's memo as a request for the Court to rule on the actual contentions of the parties and the law rather than upon the contentions as mischaracterized by Coach, and that the reflections of the Court in the dictum in the prior opinion were based upon incorrect information and did not consider Mr. Blakely's incorrect interpretation of the statute as pointed out in the memo page 5-7)

All the cases and language used by Coach with respect to the law involving true cases of reconsideration are irrelevant to the issues before the Court.

WHAT IS NOTEWORTHY IS THAT COACH DOES NOT EVEN TRY TO ARGUE THAT DEFENDANT'S INTERPRETATION OF § 1111 IS INCORRECT, NOR TO DISPUTE THE INESCAPABLE CONCLUSION THAT THE CASES CITED BY DEFENDANT CLEARLY SHOW THE INCORRECTNESS OF THE CONTENTION MADE AT TRIAL BY MR. BLAKELY THAT THERE IS NO REQUIREMENT THE TRADEMARK BE "WITH" THE STATEMENT ABOUT REGISTRATION. (Tr.189-190) OR THAT "THERE IS NOT A SINGLE CASE OR AUTHORITY" SUPPORTING DEFENDANTS POSITION. (Tr-190).

Defendant's position is correct. 15 U.S.C. §1111 does require the trademark to be set forth "with" the notice of registration, and there is ample authority for that contention, contrary to what Mr. Blakely told the Court at trial.

## 2. Coach is incorrect in its contention that "profits" had to be mentioned in the original FRCP 50 motion in order for that to be considered in the existing motion.

Defendant contends that while renewal of an FRCP 50 motion generally requires the motion be made at trial, that doesn't apply to a motion made with respect to an issue which cannot result in a "judgment".(FRCP 50)

Moreover, damages under 15 U.S.C. §1117, which is the section involving damages in trademark infringement cases, makes it the province of the judge to set damages based upon equitable principles, obviously taking into consideration the verdict of the jury. At the time of the original motion now being renewed, there not only was no judgment as a matter of law which could have been given with respect to profits, but also there was no verdict and not yet any need for the judge to consider the type of damages which were allowed depending upon the verdict of the jury. Thus, at the end of Plaintiff's case in chief, when the original motion was made, so far as "profits" were concerned there was nothing to move against for which Defendant might be granted a "judgment" as a matter of law. (FRCP 50)

## 3. Coach is incorrect in its position that willfulness is not required for using Defendant's profits as a measure of damages.

Defendant cited a 9th Circuit case, *Adray v. Adry-Mart, Inc.* 76 F. 3d 984, 988 (9th Cir 1995) saying that a Defendant's profits can be disgorged to prevent unjust enrichment only if the trademark infringement was willful.

Coach ignores that case and tries to talk about statutory damages, or accounting cases, neither the type of case relevant to the facts of this case. The cases cited by Coach are not in point, and the *Adray* case clearly is.

4. **<u>Again, Coach ignores the cases cited by Defendant about likelihood of confusion and is simply incorrect with respect to the law of confusion.</u>**

Coach seems to take the position that if there is any way that there could be confusion using the *Sleekcraft* case analysis it is enough proof of confusion. The *Sleekcraft* analysis is only attempting to determine if there is <u>any</u> likelihood of confusion, it is not a case concerning proof of confusion, and the sufficiency of said proof.

Two judges of this Court, in recent cases, have pointed out that evidence of confusion must be "substantial" and there must be a "probability of confusion" not just a possibility of confusion which *Sleekcraft* deals with. Defendant in its original memo pointed out that Judge King, of this Court, cited cases in the *Adidas* case indicating that there must be "substantial evidence" of confusion. In that case there was such evidence. Judge Akin, again of this Court, pointed out in the *Edge Wireless* case cited in Defendant's original memo, that the evidence of confusion requires "probable confusion", and not simply "a possibility" of confusion. What Coach is trying to argue is that under the *Sleekcraft* case the factors analyzed therein show a "possibility" of confusion. That is simply not enough as this Court has said in the two cases Defendant has cited. Coach has also ignored holdings to the same effect cited by Defendant its' original memo, i.e. *Dorr-Oliver, Inc, Nike, Inc, Reebok Intl.*

*Ltd, Sportvision, Inc, Pioneer Leimel Fabrics, and Libman* cases. Again, the Coach ignores those cases, and simply relies on the *Sleekcraft* tests.

5. **Coach Misapplies both FRCP 50 and FRCP 59 by saying Defendant is attempting to "amend" the judgment, again a disingenuous statement.**

   Defendant does not seek to amend the judgment. FRCP 50 allows a renewed motion for judgment as a matter of law.

   Further, as the motion itself indicates, this is not a motion to amend a judgment, but for a new trial or remittitur. The cases cited by Coach concerning FRCP 59(e) simply have no application here. This case in respect to these motions is the same as the *Adidas* case which Judge King handled, and the motions are similar to the motions in that case. In that case, Judge King gave the Plaintiff a choice between a new trial, or accepting a remittitur.

6. **Coach's position with respect to damages under the New Trial motion begs the questions presented to the Court about damages which are required to be set by the Court using equitable principles under 15 U.S.C.§1117.**

   The jury verdict clearly is one of the factors the Court may use in settling damages, but Coach's arguments don't meet the points set forth by Defendant in its memo.

   Whether or not Coach spent billions of dollars building its goodwill or if the speculation is correct that Coach could have sold 85,000 keychains for a profit of $29 per key chain is not germane to the issues presented by this motion. As mentioned in the original memo, and discussed as part of the Rule 50 motion, damages have to be proven and cannot be speculative. In addition, the damage provisions of §1117

specifically require that the amount awarded "shall constitute compensation and not a penalty."

Given that Plaintiff has not attempted to prove any actual damages, and the fact that "Plaintiff must prove both the fact and the amount of damages" *Lindy Pen Co.*, (cited in original memo), it apparent that this is a good case for the Court to use its equity powers along with Rule 59 to achieve a just result. The Court might re-read the whole discussion of this on beginning on page 21 of Defendant's original memo. All the cases cited therein and the principles for which they stand have been totally ignored by Coach in their memo.

7. **It is questionable if Coach is correct in stating "…this Court has already ruled that there was substantial evidence supporting the jury's verdict."**

At the conclusion of Plaintiff's case in chief, Defendant did move for a Rule 50 judgment as a matter of law which was denied. That is not necessarily a ruling that there was substantial evidence of damages. Rule 50 contemplates that a Court may deny such a motion, and consider it again once the jury has reached a verdict. The rule says: "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the Court is considered to have submitted the action to the jury subject to the Court's later deciding the legal questions raised by the motion." Neither counsel can read the judge's mind, but it is certainly true that a Court may feel that the motion could be allowed but still submit it to the jury with the idea that under Rule 50 it can still make a determination that there simply was not sufficient evidence to sustain the jury's verdict should the jury hold otherwise. By denying the original

motion, the Court did not as a matter of law rule that there was substantial evidence to support the verdict as Coach urges.

## CONCLUSION

Plaintiff's memorandum in opposition to Defendants motions is a masterpiece of obfuscation. First Coach tries to change the motions to one for reconsideration, and even style their response to a non-existent motion. Then with respect to each point made by Defendant, Coach totally ignores the cases and material supporting the motion, making their own arguments to non-existent arguments of Defendant.

Continuing Coach's pattern of ingenuousness, it characterizes Defendant's Motion for a new trial as one of a motion to" amend" a judgment, and completely ignores, not only the wording of ORCP 59, but also the authorities and points made by Defendant, as well as the remittitur. Coach's strategy is to confuse the issue enough that it will get the Court to rule their way. The Court is asked to avoid that confusion, and to review Defendant's memorandum which is complete, and sets forth the issues raised, citing the cases in support of each point, none of which Coach has even suggested are not proper cases relevant to this case. If the Court will review those issues point by point, and compare what Coach says and *doesn't say* in response to each point, it will see the motions should be granted.

Respectfully submitted this 15th day of September, 2012

                                    DONALD A. BICK, P.C

                                    */s/ Donald A. Bick*
                                  Donald A. Bick OSB# 60011
                                  Attorney for Defendant's