IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

COACH, INC., a Maryland Corporation,
and COACH SERVICES, INC., a
Maryland Corporation,

                Plaintiffs,

    v.

SISKIYOU BUCKLE CO., INC., an
Oregon Corporation dba SISKIYOU
GIFTS,

                Defendant.

No. 03:11-CV-00486-HZ

OPINION & ORDER

Christopher E. Hawk
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204

/ / /
/ / /

1 - OPINION & ORDER

Brent H. Blakely
Blakely Law Group
915 North Citrus Avenue
Hollywood, CA 90038

    Attorneys for Plaintiffs

Donald A. Bick
Donald A. Bick, P.C.
1238 Throne Drive
Eugene, OR 97402

    Attorney for Defendant

HERNANDEZ, District Judge:

    On June 7, 2012, after a two-day trial, the jury awarded $75,000 to Plaintiffs Coach, Inc. and Coach Services, Inc. on its trademark infringement claim against Defendant Siskiyou Buckle Co., Inc. Defendant renewed his motion for judgment as a matter of law on Plaintiffs' third claim for false designation of origin and fifth claim for common law unfair competition. Dkt. #100, 101. I denied both motions. August 10, 2012 Op. & Order (Dkt. #109). Judgment was entered on August 10, 2012. Defendant now renews again his motion for judgment as a matter of law, or in the alternative, moves for a new trial. Dkt. #112. I deny the motion.

STANDARDS

I.    Judgment as a Matter of Law

    In analyzing a motion for judgment as a matter of law ("JMOL"), the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. <u>Horphag Research, Ltd. v. Pellegrini</u>, 337 F.3d 1036, 1040 (9th Cir. 2003). To grant a motion for JMOL, the court must find "no legally sufficient evidentiary basis for a reasonable jury to find" in favor of the nonmoving party. Fed. R. Civ. P. 50(a)(1).

2 - OPINION & ORDER

A JMOL is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury. Ostad v. Oregon Health Sci. Univ., 327 F.3d 876, 881 (9th Cir. 2003). The court may not substitute its view of the evidence for that of the jury. Costa v. Desert Palace, Inc., 299 F.3d 838, 859 (9th Cir. 2002), aff'd, 123 S. Ct. 2148 (2003). The court is not permitted to make credibility determinations and it may not weigh the evidence. Id. Additionally, as the Supreme Court notes, the court must "disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prdts., Inc., 530 U.S. 133, 151 (2000).

Under Rule 50(b), a party who has made a motion for JMOL at the close of all the evidence may renew the motion after entry of judgment. Fed. R. Civ. P. 50(b). However, "[a] party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

II.     New Trial

The court may grant a new trial "on all or some of the issues-and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A).

> Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving. We have held that the trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.

Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (citation and internal quotation marks omitted). Erroneous jury instructions, as well as the failure to give adequate instructions,

3 - OPINION & ORDER

may be the basis for a new trial under Rule 59(a). Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990). The trial court has discretion in deciding whether to grant a new trial. Freund v. Nycomed Amersham, 347 F.3d 752, 764 n.13 (9th Cir. 2003).

## DISCUSSION

I.   Judgment as a Matter of Law

Under Rule 50, Defendant previously renewed his motions for JMOL on July 2, 2012. The motions were denied and judgment was entered in favor of Plaintiff. Defendant now *renews for a second time* his motion for JMOL, also under Rule 50. Defendant raises several issues, including reconsideration of the court's ruling regarding the notice requirement under 15 U.S.C. § 1111, whether Defendant's profits may be considered when there is no willful infringement, the sufficiency of evidence regarding actual confusion, and reducing the jury's award of damages by using the court's discretion.

I have already ruled on the notice requirement issue that was raised in Defendant's previous renewed motion for JMOL. Aug. 10, 2012 Op. & Order, 4. I decline to reconsider my ruling, and moreover, Rule 50 is not the proper rule under which to request reconsideration.[1] As for the other issues that Defendant raises, Defendant did not move for JMOL on these issues before or after the verdict. Defendant has waived these arguments. Freund, 347 F.3d at 761.

II.  New Trial

In the alternative, Defendant moves for a new trial or remittitur to reduce the jury's award of damages. Defendant argues that a new trial is warranted because "the verdict is contrary to the clear weight of the evidence, is based on evidence which is false, … and is necessary to prevent a miscarriage of justice." Def.'s Memo. Supp. Mot. JMOL and New Tr. ("Def.'s

---

[1] To the extent that Defendant argues that I mischaracterized his arguments, it does not change my conclusion that there was a legally sufficient evidentiary basis for a reasonable jury to find in favor of Plaintiff on the notice issue.

4 - OPINION & ORDER

Memo."), 26.  I am not persuaded that the verdict is contrary to the clear weight of the evidence.  Plaintiff introduced evidence of its product catalogs that showed products featuring the CC mark and the notice of registration towards the back of the catalog.  See, e.g., Tr. Exs. 16, 17, 18, 20.  Viewing the trial exhibits, I do not agree with Defendant's argument that Mr. Lau's testimony is false.

Defendant further argues that the jury award was based on "speculation or guesswork", that "the court must review the verdict given the equitable considerations" in determining damages, that "based on equitable principles the award must be either nothing, or at least reduced", and that Defendant has not had the opportunity to present evidence of "equitable matters."  Def.'s Memo., 27-29.  First, Defendant has not explained how the jury award is based on speculation.  The jury was instructed to calculate damages based on actual damages and Defendant's profits.  Jury Instructions (Dkt. #87), 9-10.  For actual damages, the jury was allowed to consider

> a) the injury to the Plaintiff's reputation; b) the injury to Plaintiff's goodwill, including injury to the Plaintiff's general business reputation; c) the lost profits that the Plaintiff would have earned but for the Defendant's infringement. Profit is determined by deducting all expenses from gross revenue; d) the expense of preventing customers from being deceived; and e) the cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

Id.  There was also evidence that Defendant sold approximately 85,000 key chains for 75 cents each and that each key chain cost 32 cents for Defendant.  Tr. 1032-33.  Considering all the evidence in the trial record, substantial evidence supports the jury's award in this case.  I do not consider the $75,000 jury award to be excessive and decline to exercise my discretion under 15 U.S.C. § 1117 to reduce the jury award.

5 - OPINION & ORDER

Finally, Defendant accuses Plaintiff of "trademark bullying" and requests attorney's fees. Def.'s Memo., 30. Defendant does not cite to any persuasive authority in support of this argument, nor did he prevail in this case. The request for attorney's fees is denied.

## CONCLUSION

Based on the foregoing, Defendant's motion for judgment as a matter of law or in the alternative, a new trial (#112) is denied.

IT IS SO ORDERED.

Dated this 25 day of October, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge