IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COACH, INC., a Maryland Corporation, and COACH SERVICES, INC., a Maryland Corporation, | No. 03:11-cv-00486-HZ |
| | OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| SISKIYOU BUCKLE CO., INC., an Oregon Corporation dba SISKIYOU GIFTS, | |
| Defendant. | |

Christopher E. Hawk
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204

Brent H. Blakely
Blakely Law Group
915 North Citrus Avenue
Hollywood, CA 90038

    Attorneys for Plaintiffs

1 - OPINION & ORDER

Donald A. Bick
Donald A. Bick, P.C.
1238 Throne Drive
Eugene, OR 97402

      Attorney for Defendant

HERNANDEZ, District Judge:

      Plaintiffs Coach Inc. and Coach Services, Inc. (collectively "Coach") prevailed in a jury trial on an infringement claim under the Lanham Act against Defendant Siskiyou Buckle Co., Inc. ("Siskiyou"). Following the jury verdict, I entered judgment in favor of Coach for an award of $75,000 and costs. Coach now seeks $7,820.61 in costs. I grant Coach's request in part, and award $2,246.46 in costs.

## STANDARD

      Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs–other than attorney's fees– should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption that the prevailing party will be awarded its costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). As a result, the losing party must show why costs should not be awarded. Id. Additionally, although the district court must specify the reasons for its refusal to tax costs, it is not required to do so when it abides by the presumption and taxes costs to the losing party. Id. at 945.

      The court has broad discretion to allow or disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995). Costs not listed in section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987). Under the Lanham Act, a prevailing plaintiff in an action involving a violation of any right of a

2 - OPINION & ORDER

registrant of a registered mark "shall be entitled, . . . subject to the principles of equity," to recover the costs of the action. 15 U.S.C. § 1117(a).

## DISCUSSION

Coach's requested costs fall into four categories: (1) clerk fees, (2) transcript fees, (3) printing fees, and (4) witness fees. Bill of Costs (Dkt. #111), 1.

I.     Clerk Fees

Coach seeks $350 for a filing fee, $100 for a *pro hac vice* admission fee, and $80 for service of the summons and subpoena. Bill of Costs (Dkt. #111) Ex. 1 at 1-3. Siskiyou objects to the *pro hac vice* fee. Obj. Bill of Costs (Dkt. #115), ¶ 1.

*Pro hac vice* fees are considered "part of the overhead of running a law firm or a business" and, therefore, are not awarded as costs. Symantec Corporation v. Unik Associates, LLC., No. 02-406-KI, 2005 WL 1972563, at *4-5 (D. Or. Aug. 12, 2005) (only awarded costs that would have been incurred had a local attorney prosecuted the action); see also Competitive Technologies v. Fujitsu Ltd., No. C-02-1673 JCS, 2006 WL 6338914, at *4 (N.D. Cal. Aug. 23, 2006) (*pro hac vice* fees denied because they were "an expense of counsel that is not normally passed on to clients"). I agree with this rationale and deny Coach's *pro hac vice* fee. However, I allow $350 for the filing fee and $80 for service of summons and subpoena.

II.    Transcript Fees

Coach seeks $770.93 for transcript fees. Bill of Costs, 1. This amount includes $400.50 for transcripts of trial proceedings and closing arguments in an unrelated trademark infringement case and $370.43 related to the deposition of Joseph Stringer III, the owner of Defendant Siskiyou. Bill of Costs Ex. 1, at 4-7.

3 - OPINION & ORDER

Generally, hearing transcript costs are recoverable provided they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); see also Kyei v. Or. Dep't of Transp., No. 03:07-cv-1607-AC, 2010 WL 935489, at *3 (D. Or. Mar. 11, 2010) (cost of summary judgment hearing transcript allowed when court ruled orally from the bench); Nemo v. City of Portland, No. 03:94-cv-1553-ST, 1996 WL 437633, at *8 (D. Or. Apr. 9, 1996) (hearing transcript costs allowed).

Siskiyou objects to Coach's request for the court transcripts of the unrelated trademark infringement case. Obj. Bill of Costs, ¶ 4. Coach fails to explain why the transcripts from an unrelated case were necessary, and instead relies on a boilerplate explanation that the court transcript fees were "necessarily obtained for use in the case." Bill of Costs, 1. In Kyei, the court awarded the transcript fee of a summary judgment hearing in the same case. Here however, Coach requests transcript fees for an entirely different case. I find that the transcripts of an unrelated trademark infringement case were not necessarily obtained for this case. The request for $400.50 in transcript fees of an unrelated case is denied.

Coach also seeks reimbursement for the deposition of Mr. Stringer, who testified at trial. The costs of deposition transcripts are generally reasonably necessary for the preparation of a case. Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 n.3 (9th Cir. 1990); U.S. ex rel. Berglund v. Boeing Co., No. 03:02-cv-193-AC, 2012 WL 697140, at *2 (D. Or. Feb. 29, 2012). I find that Mr. Stringer's deposition was reasonably necessary because Mr. Stringer was a witness for both parties at trial. Coach is awarded $370.43 in fees for Mr. Stringer's deposition.

III.   Printing Fees

Coach seeks $3,264.20 in printing fees. Bill of Costs, 1. In particular, Coach requests $2,456.19 for 2,481 color copies for its exhibit binders. Bill of Costs Ex. 1, at 8. Color copying

4 - OPINION & ORDER

costs have been disallowed when the court was unable to determine if such costs were "necessarily obtained for use in the case" and how many of the copies were "for the convenience of the attorneys." Symantec Corporation, 2005 U.S. Dist. LEXIS 39432, at *14-15. The majority of Coach's color copies were unnecessary because they were either withdrawn or excluded at the pretrial conference. By the court's estimate, 25 of these exhibits were product catalogs and annual reports, totaling well over 2,000 color pages. These unused color exhibits did not show the trademark or keychain at issue in the case, and were therefore unnecessary.

I decline to award costs for the color copies. However, I allow the remaining balance of $545.37 for the cost of black and white copies, binders, and tabs. Accounting for a state sales tax of 8.75%, I award a total of $593.09 in printing fees.

IV.     Witness Fees

Coach seeks $3,255.48 for its witness Ethan Lau, Coach's in-house counsel. Bill of Costs, 1. Specifically, Coach requests $200 for five days of attendance and $3,055.48 for subsistence, i.e., food, lodging, and transportation. Id. at 2. Siskiyou objects to the witness fees because Mr. Lau was "the person designated to be the representative of Coach at the trial." Obj. to Cost Bill, ¶ 6. Mr. Lau sat at counsel's table and stayed in Portland until a jury verdict was reached—even though he only testified on the first day of the two-day trial.

The computation of witness fees is governed by 28 U.S.C. § 1821. A witness is entitled to an attendance fee of $40 per day for each day's attendance. 28 U.S.C. § 1821(a)(2)(b). A subsistence allowance is paid to witnesses who must stay overnight. 28 U.S.C. § 1821(d)(1)-(3). This amount may not exceed the per diem allowance prescribed by the Administrator of the General Services Administration for federal government employees under 5 U.S.C. § 5702(a). Id. at § 1821(d)(2). Currently, the maximum per diem subsistence rates applicable to Portland,

5 - OPINION & ORDER

Oregon, are $113 for hotel, and $66 for meals and incidental expenses (MIE). U.S. General Services Administration, http://www.gsa.gov/portal/category/100120 (last visited Oct. 24, 2012). On the first and last day of travel, the MIE per diem is limited to $49.50. Id. at http://www.gsa.gov/portal/content/101518.

Additionally, witnesses are entitled to reimbursement for travel by common carrier in the amount of the actual expense "at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Witnesses are reimbursed for toll charges, taxicab fares between the place of lodging and the carrier terminal, and parking fees. Id. at § 1821(c)(3).

Further, several districts, including this one, have recognized that a corporate representative's expenses are not taxable because 28 U.S.C. § 1920 "does not allow reimbursement for the costs of the party." Schuett v. Eli Lilly & Co., No. 03:10-cv-784-HZ, May 7, 2012 Order, at *9, Dkt. #130 (citing Honestech, Inc. v. Sonic Solutions, 725 F. Supp. 2d 573, 583 (W.D. Tex. 2010), aff'd, 430 Fed. Appx. 359 (5th Cir. 2011)). However, "when the corporate representative testifies as a witness, it is appropriate to award costs related to that activity." Id. If the witness is an employee of the prevailing corporate party, such a cost is properly included as a witness fee. El Dorado Irrigation Dist. v. Traylor Bros., Inc., No. S-03-949LKK/GGH, 2007 WL 512428, at *9-10 (E.D. Cal. Feb. 12, 2007) (the testifying employee was the corporate party's employee and not a party to the litigation).

Mr. Lau testified on the first day of trial in his role as Coach's in-house counsel. Trial Transcript (Dkt. #105), 52. Mr. Lau was an employee of Coach when he testified during the trial, and therefore, is entitled to an attendance fee. Yet, Coach requests fees for six days and five nights, until the jury reached a verdict, and in an amount beyond that allowed by statute. As

a witness, Mr. Lau could have arrived the day prior to testifying and left after his testimony concluded. Mr. Lau's attendance fee is limited to the day of his trial testimony.

Coach also seeks reimbursement for Mr. Lau's lodging at the rate of $235.13 per night[1], and MIE in the amounts of $25.45 on his arrival day (June 2, 2012) and $257[2] on his departure day (June 7, 2012). Bill of Costs Ex. 1, at 13-14, 16-17. I allow $25.45 for Mr. Lau's MIE on his arrival day. However, his lodging fee and MIE on his departure day are capped at $113 and $49.50, respectively.

Coach requests travel expenses for Mr. Lau, including airfare and a baggage check fee, $33 and $40 taxicab fares to and from the Portland International Airport, a $129.04 fare from East Coast Executive Car & Limousine to the Newark Liberty International Airport, and a $110 taxi pass purchased in Portland. Bill of Costs Ex. 1 at 9, 15. The airfare and taxicab fares to and from the Portland Airport are allowed. But Mr. Lau traveled to Newark Airport in a luxury vehicle, as opposed to a "taxicab"—which is expressly allowed under section 1821(c)(3). Such a luxury expense departs from the spirit of the statute that limits travel expenses to the "most economical rate[s] reasonably available." See 28 U.S.C. § 1821(c)(1). I deny the request for Mr. Lau's $129.04 fare, with the exception of the $23.75 toll charge which is allowed by statute. The cost of Mr. Lau's taxi pass fee is also denied because the cost was not incurred on Mr. Lau's arrival or departure days.[3]

Accordingly, Coach's request for witness fees for Mr. Lau is granted in part. Coach is allowed a $40 attendance fee, $113 for one night of lodging, $25.45 for MIE on Mr. Lau's

---

[1] This amount consists of a $209 daily rate and a $26.13 lodging tax.
[2] This amount consists of a $206 receipt from Red Star and a $51 receipt from the Portland Airport.
[3] Mr. Lau stayed at the Nines Hotel in downtown Portland, which is within walking distance of the courthouse.

7 - OPINION & ORDER

arrival day, $49.50 for the MIE per diem on his departure day, $528.24 for airfare, $73 for cab fare, and $23.75 for a toll charge. Coach is awarded a total of $852.94 in witness fees.

## CONCLUSION

For the reasons stated above, Coach's bill of costs [ #111] is granted in part and denied in part. Coach is awarded a total of $2,246.46 in costs, detailed as follows: (1) $430 in clerk fees, (2) $370.43 in transcript fees, (3) $593.09 in printing fees, and (4) $852.94 in witness fees.

IT IS SO ORDERED.

Dated this 30 day of Oct, 2012.

*/s/ Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge